Honorable G. L. `Lynn' Tate Commissioner Texas Department of Labor and Standards Box 12157 Austin, Texas 78711
Re: Whether a non-citizen of the United States may be licensed under the Texas Private Employment Agency Law, art. 5221a-6, V.T.C.S.
Dear Commissioner Tate:
You have requested our opinion concerning the constitutionality of article 5221a-6, section 5(a)(1), V.T.C.S., which deals with Private Employment Agency licensing and provides:
 (a) Application for a license as an operator may be made and small be issued to any person who (1) is a citizen of the United States . . . .
On numerous occasions this office has stated that such citizenship requirements are unconstitutional under the equal protection clause of the 14th Amendment to the United States Constitution. Attorney General Opinions H-926 (1977) (landscape architect); H-157 (1973), R-2247 (1950), O-866 (1939) (physician); H-81 (1973) (certified public accountant); and M-447 (1969) (vocational nurse). The United States Supreme Court has made the law quite clear in this regard. Restrictions based on alienage cannot be upheld unless the State can prove that the restriction is necessary to accomplish a compelling state purpose. See Examining Board of Engineers, Architects and Surveyors v. Flores de Otero, 426 U.S. 572 (1976) (aliens may not be prohibited from being licensed as engineers); In re Griffiths,413 U.S. 717 (1973) (aliens may not be denied admission to the State bar); Sugarman v. Dougall, 413 U.S. 634 (1973) (aliens may not be denied civil service employment); Graham v. Richardson,403 U.S. 365 (1971) (aliens are entitled to welfare benefits). We can discern no meaningful distinction between the rational basis for such a restriction as applied to Private Employment Agency operators on the one hand versus physicians, nurses, accountants and landscape architects on the other. Accordingly, in our opinion article 5221a-6, section 5(a)(1), V.T.C.S., violates the14th Amendment to the United States Constitution and is invalid.
 SUMMARY
Article 5221a-6, section 5(a)(1), which restricts licensing as Private Employment Agency operators to citizens of the United States, is unconstitutional.
Very truly yours,
John L. Hill Attorney General of Texas
APPROVED:
David M. Kendall First Assistant
C. ROBERT HEALTH Chairman Opinion Committee